UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRANCIS BURNS,

    Plaintiff,

  v.

INTERNAL REVENUE SERVICE,
PARK JONES, BART BRELLENTHIN,
SCOTT J. CAMPBELL, RECORDER OF
DEEDS MILWAUKEE, SHEILA ICZKOWSKI,
and TAXACT,

    Defendants.

Case No. 19-cv-590-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 4), GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 10), SCREENING REMAINING ALLEGATIONS UNDER 28 U.S.C. §1915(E)(2)(B), DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER OR STAY (DKT. NO. 12) AND DISMISSING CASE**

---

The plaintiff, "Francis Burns c/o certain real property commonly known as 4512 South Drexel Blvd. in Chicago," filed a complaint against the Internal Revenue Service (IRS), two IRS agents, an Assistant United States Attorney, the Milwaukee Recorder of Deeds, an employee of the Associated Bank Trust and TaxAct[1]. Dkt. No. 1. He seeks relief from a judgment or order under Rule 60(b)(5) in a forfeiture case closed on March 6, 2019. The plaintiff asks the court for "20-30 times the initial claim amount," liquidation of and release of the *lis pendens* on property located in Chicago and the settlement of a treasury

---

[1] "TaxAct" is an on-line software program. www.taxact.com.

1

bond. Id. at 6. The plaintiff has filed a motion to proceed without prepaying the filing fee. Dkt. No. 4. Before the court had an opportunity to screen the complaint, the four federal defendants (the IRS, the two agents, and the Assistant United States Attorney) filed a motion to dismiss. Dkt. No. 10. The plaintiff responded—late—to the motion by filing a copy of the motion marked up with (presumably) his handwritten notes. Dkt. No. 13. He also filed an application for temporary restraining order with this court and the Seventh Circuit Court of Appeals. Dkt. No. 12 at 5.

## I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 4)

A district court may authorize a plaintiff to proceed without prepaying the filing fee required to start a civil lawsuit if the plaintiff submits an affidavit listing his assets, indicating that he is unable to pay the fees and stating his belief that he is entitled to the relief he seeks. 28 U.S.C. §1915(a). Section 1915 "is designed to ensure that indigent litigants have meaningful access to the courts." Neitzke v. Williams, 490 U.S. 319 324 (1989).

The plaintiff's affidavit says that he is not employed, not married and has no source of income. Dkt. No. 4. He has no property, no car, and no assets beyond $107 in the bank, but he has monthly expenses of $10,000. Id. at 3, 4. He claims to have expenses for a son in school overseas, although it is not clear whether that is included in the $10,000 monthly expenses. Id. at 4. In any event, it does not appear that the plaintiff can prepay the filing fee. The court will grant his motion to proceed without prepaying the filing fee. Dkt. No. 4.

2

## II. Motion to Dismiss (Dkt. No. 10)

The federal defendants argue that that the plaintiff lacks standing, that they are immune from suit and that the complaint fails to state a claim. Dkt. No. 10. The defendants explain that the plaintiff is challenging a judgment entered by Judge J. P. Stadtmueller in an *in rem* civil forfeiture case filed against the plaintiff's residence last year, United States v. 4512 South Drexel Boulevard, Chicago, Illinois, Case No. 18-cv-1290. Id. at 1. The court assumes that the plaintiff intended the subsequently filed copy of the motion, marked up with handwritten notes, to be his brief in opposition. Dkt. No. 13.

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. A complaint must give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a plaintiff need not plead detailed factual allegations, he or she must do more than present "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. The complaint must state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (internal quotation omitted).

### B. Complaint

The complaint accuses each defendant of taking some unlawful action in connection with the *in rem* civil forfeiture case. For example, the plaintiff alleges that Jones filed a "frivolous affidavit" in support of the complaint, that

3

Brellenthin faxed the notice of lien to the "Milwaukee Recorder of Deeds" before judgment had been entered and that Campbell filed a complaint based on Jones' allegations. Dkt. No. 1 at 5. The plaintiff sued the "Milwaukee Recorder of Deeds" for entering the notice of lien prior to its approval by a judge. Id. at 7. The plaintiff sued Scheila Iczkowsi of Associated Bank for turning over funds to the IRS without personally meeting with the "alleged agent of the IRS" and relying on "a signed, in blue ink, document purporting to be from a judge." Id. Finally, the plaintiff sued the Tax Act because the 1099-B form available online does not include a data field labeled Line 13 (Bartering). Id.

In addition to damages, the plaintiff asks for liquidation and release of the *lis pendens* on the property located at 4512 Drexel Boulevard and "settlement of treasury bond." Id. at 6. The complaint indicated that the plaintiff had less than ten days to vacate his home; he dated the complaint April 19, 2019. Id. The plaintiff's motion for a temporary restraining order, however, stated that the government intended to evict him on June 30, 2019. Dkt. No. 12 at 2.

    C.    The *In Rem* Civil Forfeiture

The plaintiff challenges the judgment and actions in the *in rem* civil forfeiture against the property located at 4512 South Drexel Boulevard, Chicago, Illinois, on August 21, 2018. United States v. 4512 South Drexel Boulevard, Case No. 18-cv-1290. According to the complaint filed in that forfeiture proceeding, the property "constituted or was derived from proceeds traceable to wire fraud" committed by Francis Burns in violation of 18 U.S.C.

4

§1343, and the government sought forfeiture under 18 U.S.C. §981(a)(1)(C). Case No. 18-cv-1290, Dkt. Nos. 1, 1-1 at ¶3. Jones filed the ten-page affidavit in support of the forfeiture, explaining that World Burns, Inc., a Wisconsin corporation, owned title to the subject property and that Francis Burns was listed as a director of World Burns, Inc., in the Articles of Incorporation (filed with the State of Wisconsin Department of Financial Institutions). Id., Dkt. No. 1-1 at ¶¶ 4, 5. Jones recounted the scheme in which the plaintiff applied for tax refunds in the estate name of Francis Burns. Id. at ¶14. Jones asserted that the claim was false because the IRS had no record of payment of any tax withholdings for the Francis Burns estate. Id. at ¶19. After several years of such activity, World Burns, Inc. purchased the Drexel property with a wire transfer from Associated Bank 5849 (an account opened two months before the purchase of the property). Id. at ¶¶35, 36. The government traced the money in the Associated Bank account to the refund checks issued as a result of Francis Burns' fraudulent filing (two deposits totaling $3,555,383.71). Id. at ¶37. The special warranty deed filed with the Cook County Illinois Recorder of Deeds Office transferred ownership of the Drexel Property to World Burns, Inc., on June 5, 2017. Id. at ¶38.

The Clerk of Court assigned the civil forfeiture to Magistrate Judge William E. Duffin, who granted the plaintiff's motion to strike the claim of World Burns, Inc. because it was not filed by an attorney. Id., Dkt. No. 17. Judge Duffin noted that Burns could appear on his own behalf to the extent he had a claim in the property. Id. at 3. The government filed a second motion to

5

strike a document that had been docketed as a notice of claim. Id., Dkt. No. 9. The Clerk of Court reassigned the case to Judge Stadtmueller after neither Burns nor the corporation filed a response to the government's motion to strike. Id., Dkt. No. 20 at 2. In a footnote, Judge Stadtmueller noted Burns's filings suggested that he adhered to beliefs of the sovereign citizen movement. Id. at 2, n.1.

The government moved for default judgment on February 8, 2019, id., dkt. no. 22, and Burns filed his own motion to dismiss and to compel discovery, id., dkt. nos. 25, 27. On March 6, 2019, Judge Stadtmueller denied Burns's motion to dismiss and compel, granted the government's motion for default judgment and ordered the property forfeited to the United States for the IRS to dispose of it according to law. Id., Dkt. No. 28. Judge Stadtmueller entered the default judgment that same day. Id., Dkt. No. 29.

Burns appealed, but the Seventh Circuit dismissed the appeal on August 16, 2019 after Burns failed to pay the required docketing fee. Id., Dkt. No. 44.

D.    Standing

The federal defendants move to dismiss the complaint on the ground that the plaintiff lacks standing. Dkt. No. 10. They allege that World Burns, Inc. held the title to the property located at 4512 Drexel Boulevard—not the plaintiff.

The plaintiff did not respond to the defendants' standing argument. The Clerk of Court docketed his response to the motion to dismiss as "documents received" because it was nothing more than the defendants' motion with

6

handwritten notes in the margins. Dkt. No. 13. In his handwritten notes, the plaintiff takes issue with the capitalization in the caption of the motion, and suggests that the United States Attorney and the Assistant United States Attorney who filed the motion are nothing more than a legal fiction. Dkt. No. 10 at 9. He notes that there is no "wet ink signature," which he says suggests that the motion is "void, no contract." Id.

Article III of the Constitution limits federal judicial power to certain cases and controversies, and the "irreducible constitutional minimum of standing contains three elements." Silha v. ACT, Inc., 807 F.3d 169, 173 (7th Cir. 2015) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 559-60 (1992)). Specifically, the plaintiff must have (1) suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). "As a jurisdictional requirement, the plaintiff bears the burden of establishing standing." Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443 (7th Cir. 2009

In addition to the Article III case-or-controversy requirement, there is the prudential limitation in Federal Rule of Civil Procedure 17(a), providing that "[e]very action must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a), and "requir[ing] that the complaint be brought in the name of the party to whom that claim 'belongs' or the party who 'according to

7

the governing substantive law, is entitled to enforce the right.'" Rawoof v. Texor Petroleum Co., Inc., 521 F.3d 750, 756 (7th Cir. 2008) (quoting Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003)); see also RK Co. v. See, 622 F.3d 846, 850 (7th Cir. 2010) ("the real party in interest rule is only concerned with whether an action can be maintained in the plaintiff's name," and is "similar to, but distinct from, constitutional ... standing"). The real party in interest is "the one who by the substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." Act II Jewelry, LLC v. Wooten, 301 F. Supp. 3d 905, 910-911 (N.D. Ill. 2018) (quoting Checkers, Simon & Rosner v. Lurie Corp., 864 F.2d 1338, 1343 (7th Cir. 1988) (internal citations omitted)). The purpose of the rule is to "protect the defendant against a subsequent action by the party actually entitled to recover." RK Co., 622 F.3d at 850 (citing Fed. R. Civ. P. 17(a) advisory committee note (2009)).

Although the court generally cannot consider matters outside of the complaint on a motion to dismiss, there is an exception for information that is subject to proper judicial notice. Geinosky v. City of Chi., 675 F.3d 743, 745 n.1 (7th Cir. 2012) (citing Fed. R. Civ. P. 10(c)). Under Federal Rule of Evidence 201(b)(2), the court can take judicial notice of a prior judicial proceeding. See Woltring v. Specialized Loan Servicing, LLC, No. 14-CV-222, 2014 WL 2708581 at *1–2 (E.D. Wis. June 16, 2014); see also Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986) (considering public records for the purpose of a motion to dismiss under Rule 12(b)(6)). Judicial notice in such situations extends to

8

objective matters, such as the date a proceeding was initiated or which facts were alleged in a pleading. Woltring, 2014 WL 2708581, at *1–2. In Case No. 18-cv-1290, Judge Stadtmueller entered a judgment of forfeiture as to the property located at 4512 South Drexel Boulevard, Chicago Illinois. Case No. 18-cv-1290, Dkt. No. 29. The plaintiff in this case was not a party to that case and his notice of claim was struck by Judges Duffin and Stadtmueller. Id., Dkt. Nos. 17, 20, 28. Judge Stadtmueller entered the default judgment, finding that the property known as 4512 South Drexel Boulevard was forfeited to the United States and that no right, title or interest in the property existed in any other party. Id., Dkt. No. 29.

The plaintiff has not met his burden to show that he suffered individual loss or that he is a real party in interest. To the extent that World Burns, Inc. suffered any injury arising out of the prior forfeiture, and that the plaintiff has some interest in World Burns, the plaintiff has not asked to join World Burns, Inc., and World Burns, Inc. must be represented by a lawyer. See United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008) (citing Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993)).

E. Immunity

The federal defendants also argue that they are immune from suit. The IRS is an agency cloaked in the United States' sovereign immunity. See Amen Ra v. United States, 789 Fed. Appx. 555, 556 (7th Cir. 2020). The United States cannot be made subject to suit without its consent, through Congressional action that "expressly and unequivocally" waives the government's sovereign

9

immunity. Sossamon v. Texas, 563 U.S. 277, 290 (2019). Had the plaintiff intended to sue under the Federal Torts Claim Act, the FTCA requires that he first present his claim to the federal agency. 28 U.S.C. §2675(a). There is no indication that he has done so.

Campbell, the federal prosecutor who filed the forfeiture complaint, similarly has immunity for his actions. In Daniels v. Kieser, 586 F.2d 64, 69 (7th Cir. 1978), the Seventh Circuit stated that "[t]his Circuit has consistently upheld the quasi-judicial or absolute immunity of prosecutors where, as here, they were acting within the scope of their office." Campbell was acting within the scope of his office as a federal prosecutor when he filed the forfeiture complaint. He is immune from suit.

"Qualified immunity shields a government official from suit when the official is performing a discretionary function and his conduct does not violate clearly established rights of which a reasonable person would have known." Sutterfield v. City of Milwaukee, 751 F.3d 542, 572 (7th Cir. 2014) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The plaintiff alleges that Jones filed a "frivolous" affidavit in support of the forfeiture complaint and that Brellenthin filed a notice of lien with the Milwaukee Recorder (Register) of Deeds. Both alleged actions—filing an affidavit and faxing a notice of lien—are discretionary functions of these agents and neither violates any clearly established rights. They, too, are immune from suit.

The court will dismiss the federal defendants.

**III. Screening**

Three defendants remain—the Milwaukee Recorder of Deeds, Sheila Iczkowski from the Associated Bank Trust, and the "Tax Act."

In enacting 28 U.S.C. § 1915—the federal statute that gives courts the ability to waive all or part of a filing fee—"Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke, 490 U.S. at 324. Section 1915(e)(2) of Title 28 says that regardless of whether a party who seeks waiver of the filing fee has paid any of the fee, "the court shall dismiss the case at any time if the court determines that—(B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendant fair notice of the claim and the grounds upon which it rests. Twombly, 550 U.S. at 555 (quoting Conley, 355 U.S. at 47). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States ex rel. v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Because the

plaintiff represents himself, the court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff claims that TaxAct—a tax preparation software program—does not display the Form 1099-B form "in its entirety, the way the actual paper version is designed." Dkt. No. 1 at 7. He says the paper version of the form shows a data field labeled "Line 13 (Bartering)," which "allows the option to enter all taxable income the Estate might possess." Id. The plaintiff says this box is missing on the on-line version of the form, and he says that the "alteration" of the form caused the IRS to accuse the plaintiff of under reporting income "as part of the reasoning behind the Levy." Id. It's not clear what the basis of the plaintiff's claim against TaxAct is—perhaps he argues that TaxAct promised to provide him with accurate tax forms and failed to do so (contract). Perhaps he argues that TaxAct fraudulently led him to believe that the on-line forms were identical to the paper forms when they were not (fraud). Contract and Tort claims against a private entity are not cognizable in *federal* court unless the suit involves parties living in different states and a claim of more than $75,000 in damages. Even if the plaintiff could prove that TaxAct breached a contract with him, or defrauded him, he has not asserted facts that give this federal court jurisdiction over whatever claim he seeks to bring.

The plaintiff cannot sue the Milwaukee County "Recorder" of Deeds for recording the notice of lien sent over by the IRS agent. The plaintiff says that the "Recorder" of deeds filed the notice of lien and "indexed" it into the "Lien Indexing;" he says that that created a "*security instrument,* which if not

12

approved by a judge is securities fraud." Dkt. No. 1 at 7. The court first notes that Milwaukee doesn't have a "recorder" of deeds—it has a "Register of Deeds." Second, it is, in fact, the *function* of the Register of Dees to "record[], scan[] and compile[] and index of real estate documents . . . ." https://county.milwaukee.gov/EN/Register-of-Deeds. Third, there *was* authority from a judge for the Register of Deeds to record the lien—the order from Judge Stadtmueller. The plaintiff believes that Judge Stadtmueller did not have the authority to issue that order, but he has pointed to no recognized legal authority to support that belief.

The remaining defendant, Sheila Iczkowski, works for the Associated Bank Trust. The plaintiff alleges that Iczkowski "[p]articipated in an invalid and illegal Levy by turning funds over to the IRS without personally meeting any alleged agent of the IRS, who had no proof of said authority, including a signed, in blue ink, document purporting to be from a judge through a due process of law that is proof of due process of law on this alleged tax debt issue." Dkt. No. 1 at 7. The court thinks the plaintiff is asserting that a court order from a federal judge wasn't sufficient to authorize Iczkowski to turn the funds over to the IRS. The plaintiff may not acknowledge the authority of a court to act; however, the plaintiff must still identify an actionable claim affecting his interest—not the corporation's interest—against Sheila Iczkowski or the Associated Bank Trust.

The court finds that the plaintiff's claims against TaxAct, the Milwaukee County Recorder of Deeds and Sheila Iczkowski are frivolous and fail to state a

claim upon which a federal court may grant relief. The court will dismiss these claims.

**IV.     Application for Temporary Restraining Order (Dkt. No. 12)**

After the defendants filed their motion to dismiss, the plaintiff filed an application for a temporary restraining order seeking to prevent the defendants from evicting him from his home based on the judgment entered in Case No. 18-cv-1290. Dkt. No. 12. The plaintiff signed the motion as "Francis-Burns: Tate-Sovereign Live-Life Claimant: Attorney in Fact." Id.

To prevail on a temporary restraining order, the plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. Woods v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). The plaintiff fails at step one because, for the reasons discussed above, he cannot demonstrate that he has some likelihood of succeeding on the merits of his claims.

As the court noted, the plaintiff's motion indicated that the government intended to evict him as of June 30, 2019. Because of its trial schedule and its heavy case load, the court did not review the plaintiff's complaint prior to June 30, 2019. The court has no way of knowing whether the plaintiff has been evicted, or whether he still resides at the Drexel address. The plaintiff has not, however, notified the court of any change of address in the months since he filed his response to the defendants' motion to dismiss.

14

## V. Conclusion

The court **ORDERS** that the plaintiff's motion to proceed without prepaying the filing fee is **GRANTED**. Dkt. No. 4.

The court **ORDERS** that the federal defendants' motion to dismiss is **GRANTED**. Dkt. No. 10.

The court **ORDERS** that the remaining defendants and the complaint are **DISMISSED** for failure to state a claim.

The court **ORDERS** that the plaintiff's application for temporary restraining order is **DENIED**. Dkt. No. 12.

The court **ORDERS** that this case is **DISMISSED** and will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 9th day of March, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
